IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLAH AKBAR BURMAN, # 97337-079 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  DKC-12-3545 |
| | * | |
| CHRISTOPHER ROMANO, | * | |
| JOSHUA WEBSTER, and | * | |
| MATTHEW McCORMACK. | * | |
| | * | |
| Defendants | * | |

***

## MEMORANDUM

Allah Akbar Burman has filed a complaint titled "This court has no subject matter jurisdiction to proceed for want of a contract of corporate franchise or other nexus." ECF No. 1. For reasons to follow, the complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity,"[1] the court has an obligation to screen this complaint. *See* 28 U.S.C. § 1915A(a). "On review, the court shall ... dismiss the complaint, or any portion of the complaint, if [it]—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] Although Plaintiff does not identify Defendants, the court takes notice that Christopher Romano is an Assistant United States Attorney and Matthew McCormack is a federal agent.  Both were involved in proceedings concerning the forfeiture of property consequent to Burman's arrest. *See Burman v. United States*, Civil Action No. L-03-1165 (D. Md  2007); *Burman v. United States*,  Civil Action No. L-09-1070 (D. Md. 2010).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

This pleading satisfies the above standards.  Plaintiff, a federal prisoner, claims that in 2001, defendants "made a contrary conclusion of law based upon an erroneous presumption, that [Burman] was enjoying a corporate franchise subject to the jurisdiction of the franchisor STATE OF MARYLAND and/or its undisclosed principles…."  The pleading is makes no sense.  In 2001, Burman was convicted by a jury of conspiracy to distribute narcotics and this court sentenced him to 360 months incarceration. *See United States v. Burman*, Criminal Action No. L-01-115 (D. Md. 2003).  Burman's references to involvement in corporate franchising, debt, and financial instruments[2] in this court lack factual basis and fail to state a cognizable federal claim.  Consequently, the complaint will be dismissed as frivolous and for failure to state a claim,[3] and shall be dismissed pursuant to 28 U.S.C. § 1915A(b).  A separate Order follows.

Date:   December 20, 2012                             /s/
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge

---

[2]  Plaintiff appears to adhere to ideologies embraced by those identifying themselves as Moorish Americans.

[3]  As it is unclear what relief Plaintiff is requesting, this matter is also dismissible pursuant to Rule 8(a) of the Federal Rules of Civil Procedure.